IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY DELMAR HENDERSON, | ) | 1:09cv0351 AWI DLB |
| | ) | |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| GREG WHITE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Gary Delmar Henderson ("Plaintiff"), a state prisoner appearing pro se and informa pauperis, filed the instant civil rights action on February 26, 2009. He names Tulare County Sheriff's Detectives Greg White and Keith B. Matlock, Tulare County Sheriff's Deputy J. Wall, and P.D. Driscoll as Defendants.

**DISCUSSION**

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend

1

may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Plaintiff's Allegations

Plaintiff alleges that on June 12, 2005, Defendants falsified witness statements and identifications, created false evidentiary reports and planted evidence that resulted in the conviction for which he is now imprisoned. He alleges violations of the Fifth, Sixth, Eighth and Fourteenth Amendments.

Plaintiff requests that he be compensated for spending the past two years in prison. He also requests lost wages and punitive damages.

C.  Analysis

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Plaintiff may not pursue the instant damages action, which raises issues as to the constitutionality of the criminal proceeding against him, because he has not alleged that his conviction has been overturned.  Although Plaintiff states that his conviction is "being set to be reversed as we speak," he has presented no evidence that his conviction has actually been overturned.[1]  If Plaintiff wishes to challenge his conviction and/or custody duration, he must do so via a petition for writ of habeas corpus.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983.  Plaintiff cannot cure the above deficiencies and leave to amend would be futile.

These Findings and Recommendations will be submitted to the Honorable Anthony W. Ishii, United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written

---

[1] The Court also notes that Plaintiff filed an identical action in 2006, case number 1:06cv1462 OWW SMS (PC), which was dismissed for the same reasons.

3

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 2, 2009**                                    /s/ **Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE